IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIMOTHY B. HAUPTRIEF, | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § | |
| DENVER TELFORD, FIRE LIEUTENANT, CITY OF CONVERSE, TEXAS; LUIS VALDEZ, FIRE CHIEF, CITY OF CONVERSE, TEXAS; KIEARHA DAVIDSON, HR DIRECTOR, CITY OF CONVERSE, TEXAS; STACI SCOTT, CLAIMS SPECIALIST, MUTUAL OF OMAHA; JAMES DELAHUNT, PARAMEDIC FIREFIGHTER, CITY OF CONVERSE, TEXAS; HERNAN MARTINEZ, STEP UP OFFICER, PARAMEDIC FIREFIGHTER, CITY OF CONVERSE, TEXAS; AL SUAREZ, MAYOR, CITY OF CONVERSE, TEXAS; JOSHUA OEFINGER, CAPTAIN, PARAMEDIC FIREFIGHTER, CITY OF CONVERSE, TEXAS; MARY M. DENNIS, PRESIDENT, TEXAS MUNICIPAL LEAGUE OTERGOVERNMENTAL RISK POOL; GINGER PASTRANO, TEXAS MUNICIPAL LEAGUE OTERGOVERNMENTAL RISK POOL; TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL, ADVISOR FOR CITY OF CONVERSE; AND  MUTUAL OF OMAHA, LIFE AND HEALTH INSURANCE COMPANY WITH CITY LICENSE A421577; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | SA-24-CV-00281-FB |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

1

This Report and Recommendation concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1] and Plaintiff's Amended *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#3]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By his motions, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs. Having considered the motions and documentation provided by Plaintiff, the undersigned recommends the Court deny the request for waiver of the filing fee.

## I. Analysis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). In doing so, the Court must examine the demand on plaintiff's financial resources, including whether his expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140. Although one need not be absolutely destitute to enjoy the benefit of

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's original and amended motions to proceed IFP indicate that he was employed by the City of Converse, Texas, from November 2021 to February 2024 and his take-home pay or wages were $4,500 per month during that time period. (IFP Motion [#1], at 2.) Plaintiff also indicates he is married, and his spouse is currently employed by New Braunfels ISD and earns $3,450 per month. (*Id.*) Although Plaintiff does not specify his current source of employment income, his amended motion states that he expects to personally earn $2,400.00 in the next month. (Amended IFP Motion [#3], at 1.) Plaintiff's original motion to proceed IFP did not list any dependents, but his amended motion states that he has two children, ages 8 and 12. (*Id.* at 3.) Plaintiff's original motion estimated his total monthly expenses as $5,050.00, and Plaintiff represented to the Court that at the time he filed this case he currently had $1,500.00 in his checking account. Plaintiff's amended motion contains a similar estimate of expenses.

Based on the representations in his two IFP motions, Plaintiff has not established that he is currently unable to afford the filing fee due to poverty. The combined income for Plaintiff and his spouse prior to Plaintiff's termination was $7,950 per month. The projected combined income for Plaintiff and his spouse in his amended IFP motion is $5,800. The federal poverty guideline for a family of four is an annual income of $30,000. *See* Annual Update of the HHS Poverty Guidelines, 88 Fed. Reg. 3424 (Jan. 19, 2023). Although an "IFP applicant's income relative to the poverty guidelines . . . is not dispositive," it is relevant to the Court's assessment of poverty. *Berrios v. Magnus*, No. EP-22-cv-00139-DCG, 2022 WL 5287782, at *2 (W.D. Tex. Oct. 6, 2022). Plaintiff's and his spouse's monthly income during his employment amounted to

an annual income of $95,400, which is over three times the poverty guideline for a family of his size.  Even when considering Plaintiff's projected reduced income, his family income amounts to an annual income of $69,600, which is over twice the poverty level.  Moreover, even Plaintiff's currently reduced income exceeds his estimated monthly expenses.  The undersigned is sympathetic to Plaintiff's current financial challenges stemming from loss of employment.  However, his income does not approximate the level of poverty generally recognized by this Court as justifying the waiver of the filing fee.  Accordingly, the undersigned will recommend the District Court deny the motion to proceed IFP.

## II.  Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Plaintiff's pro se Applications to Proceed in District Court without Prepaying Fees or Costs [#1, #3] be **DENIED**.  Plaintiff should be directed to either pay the filing fee or face dismissal of his proposed Complaint for failure to prosecute or failure to comply with the orders of this Court.  *See* Fed. R. Civ. P. 41(b).  Plaintiff's Motion for Leave to File an Amended Complaint [#4] and the Motion to Dismiss for Lack of Jurisdiction [#5] will remain pending for further disposition contingent upon Plaintiff's payment of the filing fee.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file

the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 3rd day of May, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE