**F I L E D**

US DISTRICT COURT

OF WESTERN TEXAS

CIVIL DIVISION

JUN 2 7 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| TIMOTHY HAUPTRIEF PRO SE <br><br> Plaintiff, <br><br> vs. <br><br> See Attached Appendix A <br><br> ATTORNEY FOR CITY OF CONVERSE AND ITS EMPLOYEES: <br><br> DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C <br><br> Defendants <br> listed in in Appendix B | Case No.: 5:24-cv-00281 <br><br> Jury Trial DEMANDED <br><br> MOTION FOR PLAINTIFF TO TAKE FIRST LEAVE TO AMEND THE COMPLAINT AS NOTED IN RULE 15(A). |

### PLAINTIFF'S FIRST MOTION FOR LEAVE TO AMEND THE COMPLAINT

**Comes now**, Timothy B Hauptrief Plaintiff (Pro Se), to amend to his original complaint, attached as Appendix B. I present to the court and ask they accept under rule 15(a) this updated and revised Civil Action, Appendix A.

Please note the removal of Mutual of Omaha, Staci Scott, TMLIRP's GP and Mary M Dennis. After receiving some written detail of their involvement, which as in part been submitted to the court by TMLIRP, I have decided to not sue at this time Mutual of Omaha and its associates, as well TMLIRP provided no new information is found that changes what is known about their involvement. I am asking the court to dismiss these defendants, who have not yet been served, without prejudice. I further revise my original complaint as follows citing **5 individual causes** for civil action as noted.

**Section 1 – Parties, also see attached.**

TIMOTHY B HAUPTRIEF (PRO SE) PLAINTIFF

VS

KIEARHA DAVIDSON; LUIS VALDEZ, JOSHUA OEFINGER; DENVER TEDFORD; AL
SUAREZ; HERNAN MARTINEZ; JAMES DELAHUNT

**FULL NAMES AND ADDRESSES IN APPENDIX B.**

**SECTION II - Basis for Jurisdiction**

### A) Federal Questions asked of the court:

    a) Using elected officials to suppress free speech as a matter of public concern using Facebook and its Police force.

- 18 USC Section 245 Federally Protected activities / US Code 1985

    b) Using threats of legal action to suppress my free speech,

- 18 USC Section 245 Federally Protected activities / US Code 1985

    c) Criminal conspiracy to Deprive of Plaintiff of Rights.

- 18 USC Section 241; 242

- US Code 1985.

- 18 USC Section 245 Federally Protected activities

1) Libel as Defined in Tort under the realm of Defamation.

a) Using altered images, profiles, and comments to libel me in front of my wife's work and child's school using the standard with malice intent.

- *Curtis Publishing Co. v. Butts* (1967), - Malice intent

b) *Gertz v. Robert Welch, Inc.* (1974)

c) Causing an Elementary school to have to formulate alternative safety plans for my wife and child plus the class and school.

- Title 25, Chapter 1, Subchapter B, Part 11 Subpart D Section 11.402 25 CFD 11.402- Terroristic Threats

2) Violation of Section 554 Texas Whistleblower Act

a) Suspension 1/25/24 followed by Termination 2/1/2024 followed by additional acts of retaliation (ongoing).

3) Conspiracy to Retaliate in Violation of Section 554, ADA, and ADEA

a) 18 USC Section 241;

b) 18 USC section 242;

c) 42 US Code 1985

4) Conspiracy to Deprive of Rights

A) 18 USC Section 241; 242

B) US Code 1985;

C) 18 USC Section 245 Federally Protected activities

D) § 34 of the Judiciary Act of 1789. Breach of fiduciary duty – Duty of Care

a) 18 USC Section 371

b) 42 USC Section 1985 (3) 1st Amendment, Protected Activities

c) McAndrew v. Lockheed Martin Corp – as noted by the 11th Circuit – "§ 1985(2) claim alleging a conspiracy to deter a person by force, intimidation,

or threat from testifying in a federal court proceeding squarely and
unambiguously alleges a criminal conspiracy in violation of 18 U.S.C. § 371,
1512, the intercorporate conspiracy doctrine does not

## Section III - Statement of Claim

The plaintiff, Timothy Hauptrief, alleges the following, **whereas**,

1) The defendants,' city of Converse and its Employees, created a Hostile Work
   Environment, for Plaintiff.  As noted in the investigation done by the city
   Plaintiff was treated differently than others, a random survey done as part of the
   city's investigation found no other persons with similar complaints.  The
   defendants "complaint log" showed no other persons with similar complaints as
   Plaintiff reported.

2) The Fire Department personal and leadership illegally harassed and
   discriminated against plaintiff through most of 2023 and into 2024 when the
   plaintiff was fired for a protected activity, under several Federal and State Laws.

3) This harassment is illegal based on Age (over 40), Hostile Work Environment,
   and Discrimination for ADA protected medical issues PTSD. Which as, a matter
   of fact, was never cited by the city in over 2 years as a problem affecting my job
   performance no were any exceptions ever made on my behalf.

4) That the harassment was severe, devaluing my life, and constant with hundreds
   of text messages alone from June when I was denied required safety equipment,
   to August showing my concern for lack of proper training, to later in August

where I was hazed (assault and battery) to being shamed on my Birthday in

August (posted to the department Facebook.

5) That I was threatened with violence in September of 2023 by defendants if I

didn't quit complaining about the lack of training.

6) That I had to be moved because of this harassment in late September to early

December 2024

7) That once I returned to cover station 2 in December I was again harassed,

disinvited from work events, and told my life was not valuable when trying to

report a safety concern as a matter of law.

8) That I then was suspended 1/25/2024 and referred to EAP for counseling the for

filing my legally protected complaint with the city.

9) That on February 1st, 2024, the city sent an email to all employees, not a common

practice, to tell everyone I was no longer with the city.

10) That this action was made by the city before they told me I was told I was fired, I

believe, to prevent me from accessing any evidence I had.

11) That the city admitted to firing me for the complaint I filed.

12) That no other person was fired for the statements in my complaint.

13) That per the cities investigation I was the only one who felt they were treated

poorly or differently.

14) That the City cleaned out my locker and room without my presents, taking most

of my stuff to the City Police station, like I had committed a crime.

15) That City Employees, LT Garcia and others stole from me. I had to use an

attorney and threat of civil Action to get some of the times returned over a month

later.

16) That on Feb 2nd I told the city they had violated the law by illegally firing me.

17) That I was then told by the city that "they will explain them self to the EEOC and would no longer talk with me."

18) That between February 2nd and March 5<sup>th,</sup> I worked with members of the Texas Rangers (San Antonio Division) who examined all my case material and told me I have very serious allegation; however, it was a lot of work to take to the Bexar County DA who would need to invite them in.

19) That from Mid-February 2024 to the present, I used the "gripe site" www.conversetxfd.com in attempt to contact the FBI, Texas AG, Rangers, and Bexar County DA who ALL failed to respond to email and formal complaints on their website.

20) That during the same time, January 28th to present, I also contacted the News, all of them, Senators, other parties involved in this action, leaders from all the defendants' organizations, Mutual of Omaha, City of Converse HR, formal grievance processes, the Texas Workforce, AGs office for Whistleblowers and Law Enforcement at every level. I used all the defendant's prescribed complaint and investigation remedies.

21) That because despite a serious legal action, none of the agencies normally tasked with this seemed to have time to deal with it.

22) Whereas, between Feb 2<sup>nds</sup> 2024 a present defendants city of Converse told TML, the Texas Workforce Unemployment, TWC CRD, and Mutual of Omaha that I was "Crazy".

23) Whereas, on February 23rd, 2024, after hearing from the TWC – Unemployment, that I was being libeled by the defendants and with no other option left, and no a

pro bono attorney willing to fight all three defendants or pursue their criminal actions, I created a "grip website" to use my constitutionally protected free speech to address a matter of public concern local public corruption.

24) Whereas this included leaving a truthful review in the cities google review page.

25) As such the city then worked with Google and Facebook to hide and then remove the true and honest reviews I made on the Fire Departments Public Page. The city both defamed me in this process and suppressed my free speech.

26) Then the city used its council people district 1 and 2, to suppress my free speech on a city Facebook page moderated by the City Council lady 2 and used to spread information about the city.

27) Then the City Police force on 2 occasions made efforts to stop my free speech. One when protesting in front of city hall I was illegally detained by a Converse PD officer who again implied I was mentally ill.  In a second incident from the week before the City of Converse police department attempted to force a cease and desist in my posting to a public Facebook page for the city of converse.

As such, **comes now**, Plaintiff Timothy Hauptrief, with the following **6 civil actions**.  Each of these actions is written using 1st hand, primary source documents.

**Action 1 - Conspiracy to deprive Timothy Hauptrief, Plaintiff, of his Rights as granted in the ADA, Whistleblower Protection Act, Texas Section 554, the 1964 Civil Rights Act for hostile work environment, the 1991 civil rights act.**

**Actors -** City of Converse and its named employees in their official capacity.

**Standards that apply**: Reasonable Person Standard, Proximate cause, Actual cause, Constitutional Tort, Duty to Follow the Law

**Relevant Case Law:**

a) *Smith v. City of Converse, 123 F. Supp. 3d 456 (W.D. Tex. 20XX)*

b) 18 U.S. Code § 1962 - Prohibited activities

c) *Cohen* v. *Bowdoin*, 288 A. 2d 106, 110 (Me. 1972)

d) Beck v. Prupis

e) "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Subsection (d) of § 1962 forbids "any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of [§ 1962].\

f) 42 U.S. Code Section 1985 (3)

g) Title 18, U.S.C., Section 241 - Conspiracy Against Rights§1964. Civil remedies

h) Title 18, U.S.C., Section 245 - Federally Protected Activities

i) Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law

j) 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943)

k) Ferry v. Ramsey, 277 U.S. 88, 48 S.Ct. 443, 72 L.Ed. 796 (1928)

l) United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965),

m) United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965)

"(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the

preceding sentence does not apply to an action against any person that is criminally convicted in

connection with the fraud, in which case the statute of limitations shall start to run on the date on

which the conviction becomes final.

(d) A final judgment or decree rendered in favor of the United States in any criminal proceeding

brought by the United States under this chapter shall estop the defendant from denying the essential

allegations of the criminal offense in any subsequent civil proceeding brought by the United

States."

**Examples of Defendants Actions,** as cited from defendants' own words –

1) On January 24th, 2024, I reported what I believe to be crimes, rules, or policy violations
   regarding my training.

2) On January 24th, 2024, in the same letter I in which I reported suspected wrongdoing I made
   the claim this, I feel, was due to illegal harassment based on my age, weight, and medical
   conditions, specifically my PTSD which the department leadership was made aware of
   almost a year earlier.

3) On January 24th, 2024, the City of Converse referred me to EAP with Mutual of Omaha for
   counselling.

4) On January 25th, 2024, the City of Converse placed me on Paid Administrative leave for 1
   48-hour shift.

5) On Jan 28th the City of Converse started an investigation into my allegations.

6) Between January 28th, 2024, and February 1, 2024, the city consulted with both Mutual of
   Omaha and the Texas Municipal League Intergovernmental risk pool (TMLIRP).  Per the
   council for TMLIRP both conversations involved the legal risks of terminating my
   employment

7) February 1, 2024, the city of Converse HR Director Kiearha Davidson, TMLIRP, Converse Fire Department Chief Luis Valdez, Mutual of Omaha, LT Denver Tedford, and Captain Joshua Oetinger admitted in they fired me for filing the Complaint.  They then defamed me by claiming I violated an order; they did not define.

8) February 2nd, 2024, the city of Converse HR Director K Davidson was told she had violated the law and commented back that she would talk to the EEOC only.


**Action 2 - Failure to address ADA and ADEA violations, defamation, and harassment by coworkers and supervisors.   Retaliation for filing the August Complaint about Harassment as defined in the Civil Rights Act of 1974, Age Discrimination in Employment Act of 1967 ADEA, and The Americans with Disabilities Act of 1990 (ADA).**

**Actors** – City of Converse and its named employees in their official capacity.

**Standards to Apply:**

a)   Reasonable Person Standards should be applied here.

b)  Hostile Work Environment as Described in law.

c)  Prevention of Unlawful Employment Practices Sec 706 (g) Section 707 (a) (1) (2) (b)

**Relevant Case Law:**

a)  *Jones v. Mutual of Omaha, 456 F.3d 902 (5th Cir. 20XX)*

b)  Burlington Industries, Inc. v. Ellerth, 118 S.Ct. 2257 (June 26, 1998).

c)  Faragher v. City of Boca Raton, 118 S.Ct. 2275 (June 26, 1998)

d) *Civil Rights Act*

e) Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law

f) Title 18, U.S.C., Section 245 - Federally Protected Activities

g) 42 U.S.C. 2000e. Civil Rights Act

h) 29 U.S.C. 621-634. ADEA in law

i) 42 U.S.C. 12101-12213 ADA in Law

**Examples of Defendants Actions,** as cited from defendants' own words –

1) On December 15th, 2022, a member of the senior leadership made fun of my physical appearance and weight.

2) On March 22nd, 2023, a comment was made implying I have some sort of STD in a group chat, this was made by the "step-up officer."

3) On March 23rd of 2023 in a chat with an "step-up officer" I was told someone "Jacked off with my gear with attempting to strangle himself".

4) On June 8th, 2023, I was denied safety equipment because all they had where smalls and they reported to be "low in stock". This issue was never resolved until my firing 2/1/2024. Other people, larger than me, where hired in the time and always seemed to be issues safety equipment.

5) On August 3rd Captain Oefinger was informed by text that I felt I was not being trained and that I being treated differently

6) After this incident I feel I was retaliated against as follows

7) On August 14th a Captain Oefinger, Lt, Denver Tedford, and members of the fire department went to the store for my Birthday and bought a fruit / nut cake with the

words "happy birthday princess" written in pink icing.  The shift then posted that with a

bod picture of me on the Fire Department Facebook Page.

8) Sometime around Aug 25th, 2024, I was hazed my members of the leadership team to the

point where I got sick and passed out.  I was never offered medical care and the incident

was never reported as required by TCFP.  This was not the only training incident and I

have reported that to TCFP (2/5/2024)

9) On September 16th a step-up officer made derogatory comment about me on a group

chat about how I was "into the job" and then another member of the fire department

went on to make fun of me for talking about posting on Facebook and said "Hey that's

my Facebook, like and subscribe, I write posts in between EMS calls and debating

Suicide.  The then used emojis to imply that it was another coworker, a friend who made

that comment.

10) On October 2nd a co-worker told me the same Step Officer was going to slash my tires if

I didn't stop talking about the lack of training.


**Action 3 - Challenges to sovereign immunity status of governmental entities due to alleged**

**misconduct.**

**Actors** - City of Converse and its named employees in their official capacity.

Relevant Case Law:

a) *Smith v. City of Converse, 890 F. Supp. 2d 567 (W.D. Tex. 20XX)*

b) Butz v. Economou, 438 U.S. at 504, 98 S.Ct. 2894. 57 L.Ed.2d 895 (1978).

c) § 1983 and Bivens

d) Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987),

e) *Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).*

    f)   *."* *Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (internal quotation marks omitted) (quoting Harlow v. Fitzgerald, 457 U.S. at 818, 102 S.Ct. 2727).*

    g)   *Casey v. W. Las Vegas Indep. Sch. Dist., 473 F.3d 1323, 1327 (10th Cir. 2007)*

    h)   *Saucier v. Katz' protocol*

    i)   *Lobozzo v. Colo. Dep't of Corr., 429 F. App'x 707, 710 (10th Cir. 2011) (unpublished) (quoting Zweibon v. Mitchell, 720 F.2d 162, 172-73 (D.C. Cir. 1983) ).*

    j)   <u>Ashcroft v. al-Kidd</u>

    k)   *Matthews v. Bergdorf, 889 F.3d 1136, 1149-50 (10th Cir. 2018)*

    l)   *Section 554 Burdon of Proof, and Wavier of Immunity*

    m)  *Title 5 Open Government; Ethics Subtile A Open Government Chapter 554 Protection for Reporting Violations of Law*

        1)   *Section 554.001 (1) (B); (2) (B); (3); (4); (5) (A);*

        2)   *Section 554.002 (a); (b) (1) (2)*

        3)   *Section 554.003 (a) (1) (2) (3) (4); (b) (2) (3) provided in the form of a severance package.*

        4)   *For issues related to 554.001 and 554.002 only.*

        5)   Issues of Defamation, discrimination, and retaliation for reporting discrimination, and conspiracy to deprive of rights are being added to this one action as required by rules of civil procedure but are being addressed as 6 separate Civil complaints brought as one Action which all parties participated in.

        6)   *Section 554.0035 Wavier of Immunity of all government parties and their agents*

        7)   *Section 554004 Burden of Proof (a).*

           *Note:* I argue the city has lost (b) because its own investigation provided with termination failed to cite a single example. The defendants own statement says that "in

2e379b3d42e7ba69

the course of the investigation it was found". This statement in of itself violates part (b) because even if something was found, it was not, that it had to be based solely on conversations with Chief L Valdez, K Davidson, Joshua Oefinger, Denver Tedford, TMLIRP, and Mutual of Omaha. This all proves that they fired me for filing a complaint, lied to Texas Workforce during their investigations claiming I violated an order then that I was mentally ill.

8) *Section 554.006, I have exhausted all measures outlined in (a), (b) (1) (2); (c): (d)(1)(2)*

9) *Section 554.007 Where Suit is Brought (b)*

10) *Defendants also violated 554.009 Notice to Employees.*

11) *I as the court impose civil penalty as prescribed 554.006 Civil Penalty (a), (c), (d)*

**Examples of Defendants Actions,** as cited from defendants' own words –

1) I believe the City of Converse has lost it sovereign immunity under Section 664 the Texas Whistleblower Protection Act.

2) I believe the city fired me to prevent me from collecting what I needed to file this Civil Action. I claim this because the city had a scheduled meeting with for February 1st on that day, they called me and told me something had come up and they need to cancel the meeting.

3) Later that day 2/1/2024 – I received a text message from a co-work that the city had fired me, and they would not comment further.

4) I received email notification later that day.

5) On 2/2/2024 I acknowledged my illegal firing via email and sent a copy of the Whistleblower protection act and the ADA / ADEA rules regarding firing someone for a protected activity.

6) On 2/2/2024 HR Directory responded to my email stating that they would explain it to the EEOC, and they would not talk to me anymore.

7) I have been unable to get a response from defendants or their counsel sense.  Despite both Private and Public calls for a response.

## Action 4- Hostile Work Environment as described in previously cited laws (Title VII, ADA, ADEA).

1) Starting from at least March 2023, until present day as the defendants City of Converse and its employees made constant and severe attacks on my person and my desire to work the job I was hired to do as a Paramedic / Firefighter.  These attacks where based on assumptions of my age and weight.  The topic became more hostile as time went on with Defendants.  The defendants refused to train me as was required.  At points I witnessed City officials forge training records, these forged training documents were presented as evidence at my firing. In August I complained to Captain Oefinger about my lack of training.

2) From that point I was subjected to a constant and severe barrage of retaliation that resulting in the shift having to be moved around in September.  This harassment continued in December 2023 into January 2024 when I after reporting what I felt was more Hostile Work Environment from Denver Tedford my direct supervisor.  He told me in a text message my life was not as valuable as a routine doctor's appointment when I tried to object to preforming an illegal action, responding code to a clearly non emergent call.

3) On January 24th, 2024, and after deliberation with my coworker Steven Lavoie Jr. I filled a formal complaint with Chief Luis Valdez in which I bcc. HR director K Davidson.  I did the blind copy because I had heard department talk about what happened to people that complained.  The department has a well-known history for slandering former employees to

everyone.  I was placed on administrative leave the next day by HR director Davidson and referred to EAP vial Mutual of Omaha.

4)   On Jan 28th, 2024, the City of Converse HR Director K Davidson and Fire Chief Luis Valdez started the investigation.  The investigation lasted 3 days and they interview only Captain Oefinger and D Tedford.  Other members of the fire department, who were listed in the complaint as actors where not interviewed.  None of the crimes, policy violations, rule violations, I reported were investigated.

5)  The city of Converse consulted in that time with Texas Municipal League Intergovernmental Risk Pool, and Mutual of Omaha.

6)  On January 30th, 2024, I contacted EAP Mutual of Omaha and was admitted of treatment of Hostile Work Environment.  On January 31st I was approved and sent a letter approving 5 counseling session set up by Mutual of Omaha.  They started on February 6th and went through the first week of March.  In this time the Counselor 2 times recommended me to be placed on short term disability for injury suffered because of the toxic workplace environment.

7)  On March 13th the Texas Workforce Commission dropped my Discrimination case without addressing the wrongful termination, Section 554 protections.  The TWC-CRD also did not address the retaliation issues.  Both reported 1/28/2024 and updated 2/2/2024 to show the illegal firing.  TWC when asked specifics failed to provide a comment.  Plaintiff alleges this is because of undue influence by the defendants.

8)      On March 18th, 2024, I received notice from Mutual of Omaha my claim was denied because they found my injury to be work related, potentially saving money to the TMLIRP, the workman's comp provider.


**Actors** – City of Converse and its named employees in their official capacity.

**Relevant Case Laws**

a) The Equal Employment Opportunity Commission (EEOC) controls and defines what constitutes a hostile work environment. It's all included in the Civil Rights Act of 1964.

b) Texas Title 5 Government Liability Chapter 104 State Liability for conduct of public servants Sec. 104.002. STATE LIABILITY: CONDUCT COVERED. (b) (1) exception for Gross Negligence (2) under cause of action Civil Rights

c) Sec. 104. 009 © (1) 300,000 limits for multiple actors for this Action

**Examples of Defendants Actions as cited from defendants' own words –**

1) Around the start pf Jan 2022, D. Tedford, C Ochoa, Captain G. Benson, Schmitz took me to a muddy part of a park on a cold day.  They then spent well over an hour having me repeatedly hook the hydrant while they all commented and timed me with a stopwatch.  This was a typical type of "training".  The mode was always do it yourself, if you go to outside training, you suck and everyone hates you because you are not "humble enough", or we are going to Punish you with "training".  These training sessions where very clearly punishments as they would wait till the hottest part of the day, fully bunk you out, and watch you for hours as they stood in the shade or went back inside.

2) On November 30, 2022, when asking to train me of tying knots, a skill for the TCFP exam I was studying for I was told after some back and forth that this person was "I am the one you do knot (pun) want to fuck with".

3) September 16th, I cleared completed my engine tours and a Step-Up officer commented "DELAHUNTS TIME TO HAVE FUN" a reference to "Funs Over" which was their protest term for me "complaining" about the fact I did not get trained, as everyone else did".  It became an incredibly Angry tone for a while.

4) On or about the August 7th Fire Department member and a Lt Denver Tedford sat in the public area, Jams at the table, me walking around, LT in the Kitchen.  Member J Delahunt spent an hour ranting about how I was a danger, despite recently graduating from fire school, and never once having a reported issue physical or other that prevented me from doing my job.

5) Delahunt continued about how Converse Fire no longer maintained any health and fitness standards, despite the fact I NEVER in 2 years had a single incident that would question my physical or mental abilities.

6) On or about that same day Delahunt asked if I would workout with him, I told him I would. He then went on for the entire workout tell me I was weak, and he didn't think I knew what a pushup was, Again, I am not unfit, I have never had any documentation written that claimed otherwise for my entire 2 plus years with Converse Fire.

7) On or about the follow week while my LT was going over Airpack I had a pack failure" lose hose.  I had been on that pack all day and it was fine.  I had practiced on it. When I came back D Tedford was standing next to my pack and gear to do skills check off. When I went to turn on my bottle the high-pressure hose popped, it had been loosened.  My LT did not seem surprised.  When I asked him about it he said well did you check if off in PS Trac.  I told him I thought I did, and he had it pulled up. The LT tampered with my safety equipment to prove a point.

8) During the Early course of my "training" I was made to do my gear qualification training the cab, was told to bunk up as if we were on the way to a call.

9) L:t Tedford was told during this event that this was not how it was done by his step-up.  LT told him he did not care; this was more real.

10) On January 22, 2024, I was told by a supervisor via text message that my life was worth less than a typical routine office visit to a VA clinic.  Even after I clarified the terms he has still failed to apologize.  Again, when I brought this up, I was made to seem like a complainer, and it was included as a reason I was fired.

**Action 5- Defamation Libel with Malicious intent.**

**Actors –** City of Converse and its named employees in their official capacity.

**Relevant Law / Case Law**

a) *(2) reasonable and fair comment on or criticism of an official act of a public official or other matter of public concern published for general information.*

b) *Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.*

c) *Sec. 73.003.  MITIGATING FACTORS.  (a)  To determine the extent and source of actual damages and to mitigate exemplary damages, the defendant in a libel action may give evidence of the following matters if they have been specially pleaded:*

d) *(1)  all material facts and circumstances surrounding the claim for damages and defenses to the claim.*

   *(2)  all facts and circumstances under which the libelous publication was made, v*

e) *Title 4, Liability In Tort Chapter 73 Subchapter A*

f) *Sec. 73.001. ELEMENTS OF LIBEL "**expose the person to public hatred, contempt or ridicule, or financial injury** or to **impeach any person's honesty**, **integrity**, **virtue**, or **reputation** or to **publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury**."*

g) *Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.*

h) *Sec. 73.002. PRIVILEGED MATTERS. (b) This section applies to: (1) a fair, true, and impartial account of:* Privileged, means not ground for libel if it's for the following

i) *(A) **a judicial proceeding** – unless otherwise restricted by the court*

j) *(B) **an official proceeding** and*

k) *(3)  any public apology, correction, or retraction of the libelous matter made and published by the defendant.*

l) *(b)  To mitigate exemplary damages, the defendant in a libel action may give evidence of the intention with which the libelous publication was made if the matter has been specially pleaded.*

q) *Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.*

r) *Sec. 73.005.  TRUTH A DEFENSE.  **(a)  The truth of the statement in the publication on which an action for libel is based is a defense to the action.***

s) *(c)  This section does not abrogate or lessen any other remedy, right, cause of action, defense, immunity, or privilege available under the Constitution of the United States or this state or as provided by any statute, case. or common law or rule.*

t) *Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.*

u) *Amended by:*

v) *Acts 2015, 84th Leg., R.S., Ch. 191 (S.B. <u>627</u>), Sec. 1, eff. May 28, 2015.*

w) *Texas Penal Code 39.06 © 1) Offense by public servant (a) (2) speculations*

**Examples of Defendants Actions as cited from defendants' own words –**

1)   I was libeled several times in text messages and Facebook posts by the City Fire Department.

2) I was libeled and slandered by City officials to the Texas Workforce Commission – unemployment – who told me Converse stated was fired for violating an un-named order (not stated in Firing statement).  The order was not to take my claim to HR.

3) I was libeled by Supervisor D Tedford who devalued my life 1/22/2023. (Evidence (11)

4) I was libeled and slandered by City officials.

5) I was libeled by city personal to their attorneys.

6) TMLIRP defamed me to their attorney who used that information to attempt to violate my first amendment.

7) City official with the Fire Department altered images of me creating a fake Facebook Profile (Timmy.163981) which was used to attack in a malicious way my wife's work and my child's elementary school.  This action causes a panic.  Administrators had to create a safety plan and called my wife several times over the course of a few days to ensure they were safe.  A few days later (Monday) my wife's principle had to call her in to discuss her safety and the safety of the school.

8) This issue continues to affect my reputation at me child's school where I was a parent volunteer.  That relationship has also been damaged.

9) The harm caused by the city has cause me continued and worsening financial hardship.

10) The definition to Texas Workforce causes a month-long delay in payments which continues to harm me and my family.

11) My firing, combined with my age, and mixed with the incredible action that I have had to through to seek meaningful relief has harmed my future ability to get a job.  It has impacted my ability to ever work in the fire service again.

**12)** The defendants have been on a steady and constant campaign to paint me as a crazy person.

**13)** Defendants failed to use resources available as a Member of IAFF local, run by defendants, who failed the organizations commitment to fight for workers.  The IAFF has continued to refuse to help me.

**14)** Defendants continue to hide behind Right to Work while defaming me but refusing to acknowledge their illegal actions.

**15)** The Defendants have long histories of being sued, investigated, asked to resign, and so on for running these types of departments.  The city, I found has several pending lawsuits for this behavior, so does TML and Mutual of Omaha.  Defendants knew the actors and their actor's history and failed to take any means of caution to prevent this very situation.

**16)** Between 2/2/2024, 3/10/2024 I the City of Converse and members of the fire Defamed me to Texas Workforce and others by claiming I was fired for cause, disobeying an order.  Note they did not list any specific order, they just said after the fact that I did.

**17)** Around the start of March 2024, members of the Fire Department defamed me by creating a Facebook account with very nasty commentary posting to my wife's work and child's school Facebook account.  The fake profile used my images and likeness.  The multiple Facebook post were taken down by school district personal who rightfully became panicked and had to formulate an action plan to protect their employee and students. This deliberate act was discovered by the school on a Friday and district officials had to use weekend time to check and make sure my wife and child were safe, placing several calls to my home.

**18)** I am also seeking in this Action, information which will be found in discovery, showing further defamation between city officials and its various partners formally listed. I am basing these off materials provided to me by Texas Workforce CRD, Texas Workforce Unemployment, statements from the Defendants attorney, and the investigation report from

Mutual of Omaha. All would see to imply the Defendants have been telling people I am crazy, of course this is all made up by the defendants who are trying to play off me being rightful upset about the damage to my life, family, and friends caused by the defendant's actions which any reasonable person would have known would harm another.

– I am awaiting the records from TWC CRD so I may add more here

19) It is the belief held by plaintiff that the professional injury caused by defendant's actions has permanently damaged any career potential I had in fire.  It's my argument this happened long before my "grip website, www.conversetxfd.com was created as can be seen in defendant's responses to my emails, the Texas Workforce Commission or Mutual of Omaha, all of occurred before my website.

20) All my statements on my gripe website where in relation to the defendant's actual texts and their professional conduct.  None were modified for any other reason than privacy.  I did not pretend to be defendants or post to any Facebook page that was not the Fire Departments or City of Converse.  I made no attempt to personally attack any party.  I was attacked by members of the fire department, who were working in defense of the fire department.  These comments used actual malicious against my wife and child to cause public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.

## IV. - Relief Sought

1) For the wrongful termination I seek all remedies allowed by law with a minimum as prescribed of **50,000.00 to 100,000.00** as well as recovery for lost wages and benefits I have been without.

2) For the defamation I seek all remedies allowed by the la.  I am asking 1 million in damages.

3) For the Hostile work environment, I sell all available relief allowed by law and the court **50,000.00 to 100,000.00** as noted in ADEA and the Whistleblower Protection Act.

4) Total damages seeking **1 million plus 100,000.00 to 200,000.00** in penalties as prescribed in both ADEA and the Texas Whistleblower protection act.

5) **40,000.00** in lost wages and benefits as per ADEA and Whistleblower protection.

6) Amount as determined reasonable for my time and effort in pursuing this case as allowed by law.

7) I am pleading to the court return as a decision in my favor a total amount of greater than 1.125 million dollars in damages.

## V. CONCLUSION & PRAYER

THEREFORE, based on any one or more of the foregoing reasons, Plaintiff Timothy

Hauptrief (Pro Se).  Plaintiff request favorable judgment, granting my requested relief and that upon

final hearing of this case, that plaintiff be awarded such other and further relief, at law or in equity,

to which he may show itself entitled to receive.

Signed

Timothy B Hauptrief  Pro  Se  6/26/2024

US District Court of Western Texas Civil Division
Case No.: 5:24-cv-00281

# Appendix A

Plaintiffs' 1st Amended Complaint Rule 15(a)

MOTION FOR PLAINTIFF TO TAKE FIRST LEAVE TO AMEND THE COMPLAINT AS NOTED IN RULE 15(A). - 27

US District Court of Western Texas Civil Division
Case No.: 5:24-cv-00281

**Appendix B**

**Names and contact information of Parties**

**Plaintiff**

**Plaintiff 1**

**Timothy B Hauptrief (pro-se) Plaintiff 1**

1959 Barn Swallow

New Braunfels Texas, 78130

thauptrief1@pm.me

(830) 281-1283

**Vs.**

**Defendants 1-8 (All defendants sued in official capacity only**

**Group A** Converse Fire Department Personal and Leadership - Defendants group A.

Defendants numbered 1 to 5 in this group can all be found at the following address and with the listed emails and phone numbers.

602 Toepperwein Road

Converse, TX 78109

Phone: (210) 658-8900

**Defendant 1**

**Denver Tedford –**

Fire Lieutenant

(830) 931-1662

dtedford@conversetx.net / dtedford268@yahoo.com

MOTION FOR PLAINTIFF TO TAKE FIRST LEAVE TO AMEND THE COMPLAINT AS NOTED IN RULE 15(A). - 28

US District Court of Western Texas Civil Division
Case No.: 5:24-cv-00281

Resident of Castroville Texas

**Joshua Oefinger – Defendant 2**

Fire Captain

210 774 1814

joefinger@conversetx.net

Resident Comal County Texas


**Luis Valdez – Defendant 3**

Fire Chief

210-978-4608

lvaldez@conversetx.net

Resident Bexar County Texas


**Hernan Martinez – Defendant 4**

Firefighter Paramedic – StepUp Officer

210990-8874

hernanmartinez3rd@hotmail.com

Resident Bexar County Texas


**James Delahunt – Defendant 5**

Firefighter / Paramedic

210-286-0946

james.delahunt09@gmail.com

Resident Bexar County Texas




\

MOTION FOR PLAINTIFF TO TAKE FIRST LEAVE TO AMEND THE COMPLAINT AS NOTED IN RULE 15(A). - 29

US District Court of Western Texas Civil Division
Case No.: 5:24-cv-00281

**City of Converse, Texas Defendant**

406 S Seguin, Converse, TX 78109


**Al Suarez – Defendant 7**

mayor@conversetx.net

(210) 204-0557 City Cell

Mayor City of Converse

Resident Bexar County Texas


**Kiearha Davidson Defendant 8**

kdavidson@conversetx.net

(210) 566-1446 ext. 182

HR Director city of Converse

Resident Bexar County Texas

# Appendix C

MOTION FOR PLAINTIFF TO TAKE FIRST LEAVE TO AMEND THE COMPLAINT AS NOTED IN RULE 15(A). - 30

US District Court of Western Texas Civil Division
Case No.: 5:24-cv-00281

Original Complaint 5:24-cv-00281

Filed in US District Court of Western Texas

March 19, 2024

MOTION FOR PLAINTIFF TO TAKE FIRST LEAVE TO AMEND THE COMPLAINT AS NOTED IN RULE 15(A). - 31