IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIMOTHY B. HAUPTRIEF, | § § | |
| *Plaintiff,* | § § § | SA-24-CV-00281-FB |
| vs. | § § § | |
| DENVER TELFORD, FIRE LIEUTENANT, CITY OF CONVERSE, TEXAS; LUIS VALDEZ, FIRE CHIEF, CITY OF CONVERSE, TEXAS; KIEARHA DAVIDSON, HR DIRECTOR, CITY OF CONVERSE, TEXAS; JAMES DELAHUNT, PARAMEDIC FIREFIGHTER, CITY OF CONVERSE, TEXAS; HERNAN MARTINEZ, STEP UP OFFICER, PARAMEDIC FIREFIGHTER, CITY OF CONVERSE, TEXAS; AL SUAREZ, MAYOR, CITY OF CONVERSE, TEXAS; JOSHUA OEFINGER, CAPTAIN, PARAMEDIC FIREFIGHTER, CITY OF CONVERSE, TEXAS; AND CITY OF CONVERSE, TEXAS, | § § § § § § § § § § § § | |
| *Defendants.* | | |

**REPORT & RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [#28]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#14]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Motion [#28] be **GRANTED IN PART** and **DENIED IN PART**.

1

**I. Background**

Plaintiff, proceeding *pro se*, filed this action against several officials and employees of the City of Converse on March 19, 2024. Mr. Hauptrief's live pleading is his First Amended Complaint [#26], filed July 12, 2024, in response to a motion to dismiss by Defendants [#19]. The First Amended Complaint added the City of Converse as a defendant.

Mr. Hauptrief in his First Amended Complaint asserts the following claims[1]: (1) hostile work environment under the Age Discrimination in Employment Act ("ADEA"), (2) hostile work environment, discrimination, and retaliation under the Americans with Disabilities Act ("ADA"); (3) First Amendment retaliation; (4) a Whistleblower Act claim under Section 554 of the Texas Government Code; and (5) defamation. Mr. Hauptrief, a former employee of the City of Converse Fire Department, alleges that due to his weight, age, and diagnosis of post-traumatic stress disorder ("PTSD"), he suffered a hostile work environment, faced discrimination, and failed to receive required training. Relatedly, he claims that he was fired in retaliation for making a complaint to the Fire Chief and the City's Director of Human Resources regarding this allegedly discriminatory treatment and the Fire Department's failure to properly train him. Mr. Hauptrief also alleges that City employees defamed him and that his termination was in retaliation for exercising his First Amendment rights.

Defendants filed a Rule 12 Motion to Dismiss for Failure to State a Claim on August 2, 2024 [#28]. Plaintiff responded on August 22, 2024 [#29], and Defendants replied on September 3, 2024 [#30]. The motion is ripe for the Court's review.

---

[1] Defendants' motion to dismiss argues Plaintiff's Title VII claim should be dismissed. Though the First Amended Complaint cites Title VII once in a section heading, the undersigned does not construe the First Amended Complaint to plead a cause of action under Title VII.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

Because Plaintiff is a *pro se* litigant, his pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, *pro se* litigants, like all other parties, must follow the Federal Rules of Civil Procedure. *See Chhim*, 836 F.3d at 469 ("We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

### III. Allegations[2]

Plaintiff was hired as a "Paramedic/Firefighter" by the City of Converse. (Am. Compl. [#26], at 16.) He alleges that between December 2022 and January 2024, other employees of the Converse Fire Department created a hostile work environment for him and discriminated against him due to his weight, age, and PTSD. (Am. Compl. [#26], at 5, 10, 16.) This discrimination purportedly included a failure to properly train Plaintiff, despite others receiving the necessary training. (Am. Compl. [#26], at 10, 12–13, 16, 18.)

On August 3, 2023, Plaintiff complained by text message to Fire Department Captain Joshua Oefinger that he "felt [he] was not being trained and that [he] was being treated differently." (Am. Compl. [#26], at 12.) Plaintiff alleges that he was then retaliated against for sending that text message. (*Id.*) His allegations include that he was "hazed" by members of the Fire Department leadership team "to the point where [he] got sick and passed out"; that a coworker joked about Plaintiff "debating suicide"; and that a coworker told Plaintiff that a Fire Department officer would "slash [his] tires if [he] didn't stop complaining about the lack of training." (Am. Compl. [#26], at 12–13.)

Subsequently, on January 24, 2024, Plaintiff made a "formal complaint" to Fire Chief Luis Valdez and Director of Human Resources Kiearha Davidson by email. (Am. Compl. [#26], at 16.) His email complained about a "campaign of discrimination, harassment, retaliation, and threats." (Pl. Resp. [#29], at 14–19.) He also asserted in the email that the leadership of the Fire Department "delay[ed] his training" and that his gear was tampered with by his colleagues. (Pl. Resp. [#29], at 14–16, 18.)

---

[2] Because Plaintiff is proceeding *pro se*, the undersigned has liberally construed his pleadings and considers allegations in Plaintiff's response to Defendants' motion to dismiss to the extent they supplement or give context to the pleadings in his First Amended Complaint. *See Erickson*, 551 U.S. at 94.

The day after he sent that complaint, Plaintiff was placed on paid administration leave for his next 48-hour shift. (Am. Compl. [#26], at 10.) The City then began an investigation into his allegations. (Am. Compl. [#26], at 17.) Plaintiff alleges that the City's investigation lasted only three days and that only two Fire Department employees were interviewed. (Am. Compl. [#26], at 17.) Plaintiff also claims that the City consulted with the Texas Municipal League Intergovernmental Risk Pool and with Mutual of Omaha on the legal risks of terminating his employment. (Am. Compl. [#26], at 10.)

According to Plaintiff, on January 28, 2024, he reported to the Texas Workforce Commission that he had been suspended from his job for filing a legally protected complaint. (Pl. Resp. [#29], at 2.) Then on February 1, 2024—four days after he filed a complaint with the Texas Workforce Commission and eight days after he filed a complaint with the Director of Human Resources and Fire Chief—Plaintiff was fired. (Pl. Resp. [#29], at 1–2.) Plaintiff alleges that the City sent an email notifying all employees of his termination, despite this not being a common practice. (Am. Compl. [#26], at 6.) Plaintiff pleads that his firing was in retaliation for complaining to Captain Oefinger in August 2023 and to the Fire Chief and Director of Human Resources in January 2024 about harassment, discrimination, and failure to train him related to his weight, age, and PTSD. (Am. Compl. [#26], at 6, 10–11, 15.)

After he was fired, Plaintiff states that he "used all the defendant[s'] prescribed complaint and investigation remedies" and contacted "the Texas Workforce [Commission], AGs office for Whistleblowers[,] and Law Enforcement" about his allegations against the City. (Am. Compl. [#26], at 7.) In March 2023, the Texas Workforce Commission found no evidence of discrimination and dismissed his charge. (Am. Compl. [#26], at 17.)

Plaintiff also made a complaint to the Texas Commission on Fire Protection in April 2024 about his lack of training. (Pl. Resp. [#29], at 31.) He alleged that "the city was not following its own fire clearance process in my case which allowed an untrained person [such as] myself [to] ride the engine for months without being cleared by the formal process." (Pl. Resp. [#29], at 31.) He also alleged that his safety was endangered by the Fire Department "refusing to provide [him] with properly fitting equipment." (Pl. Resp. [#29], at 32.) The Commission investigated his complaint and, after speaking with employees of the Converse Fire Department, reported that "a violation of Texas Government Code 427, 439 was discovered, and corrective actions were taken."[3] (Pl. Resp. [#29], at 32.)

Additionally, Plaintiff alleges that Fire Department employees defamed him by creating a fake Facebook account with his image and likeness and using it to make "very nasty" posts. (Am. Compl. [#26], at 22–23.) He also claims they defamed him in their communications with the Texas Workforce Commission regarding his firing. (Am. Compl. [#26], at 23.)

## IV. Analysis

The Court should grant the motion to dismiss all claims against the individual defendants and dismiss the individual defendants from the lawsuit. The Court should also grant the City's motion to dismiss Plaintiff's claims of defamation, First Amendment retaliation, and violations of the Texas Whistleblower Act. The motion to dismiss the ADA and ADEA claims against the City, however, should be denied.

---

[3] Given that the Texas Government Code does not contain a section 427 or 439, the undersigned believes the Texas Commission on Fire Protection meant to point to violations of the Tex. Admin. Code §§ 427, 439, which relate to the training and examination of firefighters.

A.     **Plaintiff's Claims Against the Individual Defendants**

Plaintiff sued the City of Converse and seven individual defendants—all employees of the City—in their official capacities **only**. A suit against a city employee in their official capacity is the same as a suit against the city itself. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). Given that the City of Converse is already a defendant in this lawsuit, the Court should grant the motion to dismiss all claims against the individual defendants as redundant parties and dismiss them from the lawsuit.

B.     **Plaintiff's Defamation Claim Against the City**

Plaintiff sued the City of Converse for defamation, claiming that city officials defamed him on Facebook and to the Texas Workforce Commission. (Am. Compl. [#26], at 22–23.) Under the Texas Tort Claims Act, the State of Texas has waived municipalities' governmental immunity only for certain torts. Tex. Civ. Prac. & Rem. Code Ann. § 101.001 *et seq*. It has not waived immunity for claims "arising out of assault, battery, false imprisonment, *or any other intentional tort*." *Id.* § 101.057 (emphasis added). Defamation is an intentional tort. *Collins v. Ison-Newsome*, 73 S.W.3d 178, 182 (Tex. 2001). Thus, the City is immune from Plaintiff's defamation claim, and its motion to dismiss this claim should be granted.

C.     **Plaintiff's First Amendment Retaliation Claim Against the City**

Plaintiff alleges that, after he made a complaint to the City's Director of Human Resources and the Fire Chief, the City fired him in retaliation in violation of his First Amendment rights. To establish a First Amendment retaliation claim, a public employee must show: "(1) he suffered an adverse employment decision; (2) his speech involved a matter of public concern; (3) his interest in speaking outweighed the governmental defendant's interest in promoting efficiency; and (4) the

7

protected speech motivated the defendant's conduct." *Hurst v. Lee Cnty., Miss.*, 764 F.3d 480, 484 (5th Cir. 2014) (citing *Juarez v. Aguilar*, 666 F.3d 325, 332 (5th Cir. 2011)).

Whether speech was on a matter of public concern is a question of law to be decided by the Court. *Graziosi v. City of Greenville Miss.*, 775 F.3d 731, 736 (5th Cir. 2015) (citing *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 184 (5th Cir. 2005)). If the employee "spoke primarily as an employee rather than as a citizen, it is not regarded as addressing a matter of public concern." *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 341–42 (5th Cir. 2003) (citing *Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 382 n.4 (5th Cir. 1999)). For instance, speech relating to "the conditions of one's employment is a private matter." *Teague*, 179 F.3d at 381. Similarly, speech "made solely in 'furtherance of a personal employer-employee dispute'" is of private, rather than public, concern. *Salge*, 411 F.3d at 187 (quoting *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 372 (5th Cir. 2000)).

Plaintiff alleges that the City fired him from the Fire Department for reporting harassment and lack of training in August 2023 to the Fire Captain and in January 2024 to the Fire Chief and Director of Human Resources. (Am. Compl. [#26], at 10–12, 14, 17.) As pleaded by Plaintiff, the speech that he contends was the basis for his firing solely concerned his conditions of employment. His August 2023 text to Captain Oefinger stated that he "felt [he] was not being trained and that [he] was being treated differently." (Am. Compl. [#26], at 12.) Moreover, his January 2024 complaint to Fire Chief Valdez and the Director of Human Resources concerned the alleged "discrimination, intimidation, and harassment" he faced at work. (Pl. Resp. [#29], at 14–19.) Read in a light most favorable to the Plaintiff, these complaints fit squarely within the category of "a personal employer-employee dispute." *See Salge*, 411 F.3d at 187. Thus, the speech that Plaintiff claims motivated his

8

firing is of private concern only and is not protected by the First Amendment. The City's motion to dismiss his First Amendment retaliation claim should therefore be granted.

### D.     Plaintiff's Texas Whistleblower Claim Against the City

Plaintiff alleges that his firing violates the Texas Whistleblower Act, Tex. Gov't Code § 554.001 *et seq*. The elements of a whistleblower-retaliation claim are: (1) the plaintiff was a public employee; (2) the plaintiff made a good-faith report that his employer or another public employee violated the law; (3) the plaintiff made the report to an appropriate law-enforcement agency; and (4) the plaintiff was terminated, was suspended, or suffered an adverse personnel action because of the report. Tex. Gov't Code § 544.002(a).

Plaintiff has alleged sufficient facts at the motion-to-dismiss stage for three of the four elements of the Whistleblower Act. First, he has sufficiently alleged that he was a public employee. Plaintiff was a firefighter/paramedic for the City of Converse, which is a local governmental entity. Tex. Gov't Code §§ 554.001(2), 554.002.

Second, he made a good-faith report of legally noncompliant training violations. The standard for a good-faith report is both subjective and objective. *City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 184 n.5 (Tex. 2022). Liberally construing the pleadings due to his *pro se* status, Plaintiff has demonstrated that he believed his training was legally insufficient. Additionally, the exhibit attached to his response to Defendants' motion to dismiss suggests that the complaints he referred to in his pleading were reasonable; the Texas Commission on Fire Protection *did* "discover" a "violation of Texas Government Code 427, 439"[4] upon investigating Plaintiff's complaint. (Pl. Resp. [#29-5], at 31–32.)

---

[4] As noted in Section III, *supra*, the undersigned believes the Texas Commission on Fire Protection meant to point to violations of §§ 427, 439 of the Texas Administrative Code, which deal with training and examination of firefighters. An administrative rule is considered a law under the

As to the fourth element, Plaintiff has sufficiently alleged facts to make it plausible that he was fired in retaliation for making his complaint in January 2024. Under the Whistleblower Act, if an adverse personnel action occurred within 90 days of a report, the report is rebuttably presumed to have caused the adverse personnel action. Tex. Gov't Code § 554.004(a). Here, Plaintiff alleged he was fired on February 1, 2024, which is only four days after he filed a complaint with the Texas Workforce Commission and eight days after he filed a complaint with the Director of Human Resources and Fire Chief. (Pl. Resp. [#29], at 1–2.) Thus, he has established the rebuttable presumption that he was fired for his complaints.

As to the third element, however, Plaintiff must have made his report to an authority that he believed in good faith was an appropriate law-enforcement agency. The Supreme Court of Texas has narrowly interpreted this requirement. *See Tex. Dep't of Hum. Servs. v. Okoli*, 440 S.W.3d 611, 614–617 (Tex. 2014); *id.* at 621 (Devine, J., dissenting). It is not sufficient that the employee personally believed that the entity they reported to had been an appropriate one, "however strongly felt or sincerely held." *Univ. of Tex. Sw. Med. Ctr. v. Gentilello*, 398 S.W.3d 680, 683 (Tex. 2013). Rather, the employee's belief must have also been objectively reasonable. *Id.* Moreover, the Whistleblower Act does not protect plaintiffs who report violations internally, unless the employer has "outward-looking powers" to investigate, enforce, prosecute, or take some remedial action on the violation "against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties." *McMillen v. Tex. Health & Hum. Servs. Comm'n*, 485 S.W.3d 427, 429 (Tex. 2016) (quoting *Gentilello*, 398 S.W.3d at 686). The entity's power to regulate or enforce must pertain to the law the plaintiff is alleging was violated. *Id.*

---

Whistleblower Act if it was enacted under an enabling statute. *Univ. of Hous. v. Barth*, 403 S.W.3d 851, 855 (Tex. 2013). The aforementioned rules were promulgated under Tex. Gov't Code § 419.008, the enabling statute for the Commission.

The entities and individuals to whom Plaintiff complained **prior** to his firing about his alleged harassment, discrimination, and legally insufficient training were: (1) the City of Converse Fire Chief; (2) City of Converse Director of Human Resources; and (3) the Texas Workforce Commission. None of these authorities were an appropriate entity to report to under the Whistleblower Act. Plaintiff's reports to the Fire Chief and Director of Human Resources were internal reports; they are not an appropriate authority for reporting, as neither person can regulate or enforce the relevant administrative rules against third parties. *See McMillen*, 485 S.W.3d at 429. Similarly, because the Texas Workforce Commission does not investigate, enforce, or prosecute the codes that Plaintiff claimed were violated, it is also not an appropriate law-enforcement authority. *See id.* Plaintiff did eventually make a complaint to the correct agency, the Texas Commission on Fire Protection, but that complaint occurred **after** his termination and therefore could not have caused his termination. Thus, Plaintiff has failed to state a plausible claim under the Texas Whistleblower Act, and the Court should dismiss this claim.

E.    **Plaintiff's ADA and ADEA Claims Against the City**

Plaintiff alleges that he suffered a hostile work environment under the ADA and ADEA due to his age and his disability, and that he was discriminated against due to his weight and PTSD and retaliated against him for complaining about this discrimination. (Am. Compl. [#26], at 5, 10–12, 16.) While Defendants' motion to dismiss is styled as a motion to dismiss all claims, and Defendants' briefing discusses why Plaintiff's ADA and ADEA claims should be denied as to the individual defendants, the briefing fails to make *any* argument as to why the ADA and ADEA claims against the City should be dismissed. The Court should therefore deny the Defendants' motion to dismiss the ADA and ADEA claims against the City.

## V. Conclusion and Recommendation

Having considered Defendants' motion, the response and reply thereto, the pleadings, and the governing law, the undersigned **RECOMMENDS** the following:

- Defendants' motion to dismiss all claims against the individual defendants be **GRANTED** and that all individual defendants be dismissed from the lawsuit;

- Defendants' motion to dismiss the defamation claim against the City of Converse be **GRANTED**;

- Defendants' motion to dismiss the First Amendment retaliation claim against the City of Converse be **GRANTED**;

- Defendants' motion to dismiss the Texas Whistleblower Act claim against the City of Converse be **GRANTED**; and

- Defendants' motion to dismiss Plaintiff's discrimination and retaliation claims under the Americans with Disabilities Act and Age Discrimination in Employment Act against the City of Converse be **DENIED**. These claims should proceed to discovery.

## VI. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by

the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 19th day of November, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE