IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIMOTHY B. HAUPTRIEF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-24-CV-281-FB |
| | § | |
| DENVER TELFORD, FIRE LIEUTENANT, CITY OF CONVERSE, TEXAS; LUIS VALDEZ, FIRE CHIEF, CITY OF CONVERSE, TEXAS; KIEARHA DAVIDSON, HR DIRECTOR, CITY OF CONVERSE, TEXAS; STACI SCOTT, CLAIMS SPECIALIST, MUTUAL OF OMAHA; JAMES DELAHUNT, PARAMEDIC FIREFIGHTER, CITY OF CONVERSE, TEXAS; HERNAN MARTINEZ, STEP UP OFFICER, PARAMEDIC FIREFIGHTER, CITY OF CONVERSE, TEXAS; AL SUAREZ, MAYOR, CITY OF CONVERSE, TEXAS; JOSHUA OEFINGER, CAPTAIN, PARAMEDIC FIREFIGHTER, CITY OF CONVERSE, TEXAS; MARY M. DENNIS, PRESIDENT, TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL; GINGER PASTRANO, TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL; TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL, ADVISOR FOR CITY OF CONVERSE; and MUTUAL OF OMAHA, LIFE AND HEALTH INSURANCE COMPANY WITH CITY LICENSE A421577, | § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on November 19, 2024 (docket #32), concerning Defendants'

Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (docket #28), and the recommendation that the motion be granted in part and denied in part. According to the CM/ECF system, the Report and Recommendation was electronically transmitted to the Defendants on November 21, 2024, and was mailed by certified mail, return receipt requested to the Plaintiff on November 21, 204 (docket #33). The record further reflects that the certified mail was received by the Plaintiff on November 25, 2024 (docket #34). To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (docket #28) shall be granted such that all claims against the individual defendants shall be dismissed and the individual defendants dismissed from this lawsuit; and Plaintiff's claims of defamation, First Amendment retaliation, and

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

violations of the Texas Whistleblower Act against the City of Converse shall also be dismissed. The motion to dismiss the ADA and ADEA claims against the City of Converse, however, shall be denied.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on November 19, 2024 (docket #32), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (docket #28) is GRANTED IN PART such that (1) all claims against the individual defendants are DISMISSED; (2) the individual defendants are DISMISSED from the case; and (3) Plaintiff's claims of defamation, First Amendment retaliation, and violations of the Texas Whistleblower Act against the City of Converse are also DISMISSED; and DENIED IN PART such that Plaintiff's discrimination and retaliation claims under the Americans with Disabilities Act and Age Discrimination in Employment Act against the City of Converse shall proceed to discovery.

It is so ORDERED.

SIGNED this 17th day of December, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE